IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TYRONE ANDERSON, | § | |
| | § | |
| Defendant Below, | § | No. 277, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. N1608006981 |
| | § | |
| Appellee. | § | |

Submitted: September 2, 2025
Decided: October 24, 2025

## ORDER

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Tyrone Anderson, appeals from a Superior Court order denying a motion for correction of an illegal sentence. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.

(1) A Superior Court jury found Anderson guilty of ten drug dealing-related offenses that occurred in April, June, July, and August 2016. Certain offenses merged for sentencing. The Superior Court sentenced Anderson on the remaining offenses as follows: for drug dealing in violation of 16 *Del. C.* § 4752(2),

twenty-five years of imprisonment, suspended after eight years for decreasing levels of supervision; for drug dealing in violation of 16 *Del. C.* § 4752(1), twenty-five years of imprisonment, suspended after eight years for probation; for drug dealing in violation of 16 *Del. C.* § 4752(2), five years of imprisonment, suspended after four years for probation; for drug dealing in violation of 16 *Del. C.* § 4753(1), two years of imprisonment, suspended for probation; for second-degree conspiracy, two years of imprisonment, suspended for probation; and for attempted possession of heroin, six months of imprisonment, suspended for probation. This Court affirmed on direct appeal[1] and on appeal from the denial of motions for postconviction relief and sentence correction.[2]

(2) In May 2025, Anderson filed another motion to correct an illegal sentence under Superior Court Criminal Rule 35(a). He argued that his sentence is illegal under *Erlinger v. United States*,[3] *Apprendi v. New Jersey*,[4] and other decisions addressing related legal principles because the Superior Court, rather than a jury, considered aggravating factors when determining his sentence. The Superior Court denied the motion, and Anderson has appealed to this Court.

---

[1] *Anderson v. State*, 2018 WL 6344697 (Del. Dec. 4, 2018).
[2] *Anderson v. State*, 2023 WL 7014091 (Del. Oct. 24, 2023); *Anderson v. State*, 2021 WL 5023363 (Del. Oct. 27, 2021).
[3] 602 U.S. 821 (2024).
[4] 530 U.S. 466 (2000).

(3) We review the denial of a motion for correction of an illegal sentence for abuse of discretion, although questions of law are reviewed *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(4) On appeal, Anderson argues that his sentence runs afoul of *Erlinger* and *Apprendi* because the Superior Court considered aggravating factors set forth in the Sentencing Accountability Commission ("SENTAC") sentencing guidelines—such as his prior convictions, custody status at the time of the offense, and undue depreciation of the offense—when sentencing Anderson. He also contends that his reindictment illegally increased the range of penalties to which he was exposed by charging higher-class offenses than the original indictment, without factfinding by a jury.

(5) In *Erlinger*, the United States Supreme Court held that a unanimous jury must determine beyond a reasonable doubt whether a defendant's prior offenses were committed on separate occasions before the defendant's sentence can be enhanced under the Armed Career Criminal Act.[7] In *Apprendi*, the Court stated that

---

[5] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[7] *Erlinger*, 602 U.S. at 834-35.

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[8]  Anderson does not contend, and the record does not reflect, that his sentence was enhanced beyond the statutory range applicable to the offenses of which the jury found him guilty at trial.  *Erlinger* and *Apprendi* are not implicated when the Superior Court considers aggravating factors to explain an upward departure from the SENTAC guidelines, within the statutory penalty range.[9]  We find no reversible error in the Superior Court's denial of Anderson's motion for sentence correction.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[8] *Apprendi*, 530 U.S. at 489.

[9] *See Krafchick v. State*, 2025 WL 2925378, at *1 (Del. Oct. 14, 2025) ("*Erlinger* is not implicated here because the aggravating factors that the Superior Court cited to explain its upward departure from the SENTAC sentencing guidelines did not increase the range of penalties to which Krafchick was otherwise exposed."); *McCray v. State*, 2025 WL 1779553, at *1 (Del. June 26, 2025) (holding that sentence exceeding SENTAC guideline based on court's finding of an aggravating factor was not illegal under *Apprendi* because the sentence was within the statutory maximum for the offense).

4